IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RICHARD R. REYNOLDS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-0851 |
| **ALEJANDRO MAYORKAS,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Richard R. Reynolds, who is self-represented, filed this lawsuit against Defendant Alejandro Mayorkas, the Secretary of the United States Department of Homeland Security, alleging a claim under Title VII of the Civil Rights Act. Defendant has filed a motion to dismiss the complaint, ECF 13, and in response to that motion, Plaintiff filed a motion to proceed, ECF 15, which also constitutes his opposition to the motion to dismiss. Defendant then filed a reply, ECF 16, and Plaintiff filed an additional letter suggesting that his complaint should not be dismissed because he did not realize he had to identify a protected class, ECF 18. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion to dismiss will be granted and Plaintiff's motion to proceed will be denied.

I.     **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint, ECF 1, and taken as true for purposes of adjudicating this motion. Plaintiff worked as a Transportation Security Officer for the Transportation Security Administration ("TSA") at the Thurgood Marshall Baltimore-Washington International Airport beginning on November 12, 2017. *Id.* at 6. He had a good relationship with his supervisors from the commencement of his employment until June 18, 2018, with only one

failed training exercise. *Id.* On June 18, 2018, Supervisory TSO Jessica Paulin became Plaintiff's direct supervisor. *Id.* She immediately began criticizing Plaintiff's work and raising her voice to him. *Id.* She also told him he had screened a man incorrectly and would face repercussions, and mentioned that she had heard he failed a training exercise the day before. *Id.*

From June 18 until July 2, 2018, STSO Paulin talked down to Plaintiff, threatened him with disciplinary action, and reminded him of his probationary status. *Id.* On July 2, 2018, another STSO suggested that Plaintiff resign to protect future federal employment opportunities, because she had heard STSO Paulin talking to the pier manager about having Plaintiff fired. *Id.* Later that same day, STSO Paulin gave Plaintiff an unfavorable performance review. *Id.*

On July 3, 2018, Plaintiff "resigned from the TSA to protect [his] future Federal employment opportunities, because [he] believed that [he] was about to be fired." *Id.* After resigning, Plaintiff learned that after his employment review on July 2, 2018, the pier manager had emailed her supervisor requesting Plaintiff's termination. *Id.*

II.     **MOTION TO DISMISS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to

2

provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' …." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. See

3

*Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

Title VII prohibits an employer from discriminating against any individual because of such individual's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The elements

of a Title VII discrimination claim are: (1) plaintiff's membership in a protected class; (2) his satisfactory work performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside plaintiff's protected class. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019) (citing *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)).

Plaintiff's Complaint does not contain facts plausibly suggesting a cognizable Title VII claim. His Complaint does not mention his membership in any protected class and makes no reference to any actions taken because of his membership in any protected class. While he describes a contentious relationship with his new supervisor, who engaged in frequent criticism of his work performance, he does not refer to any comments made by that supervisor regarding any protected class or suggest that he was treated differently than a similarly situated coworker outside a protected class.

In his opposition/motion to proceed, Plaintiff provides more specific information regarding his own demographic characteristics and his coworkers' experiences with STSO Paulin. ECF 15. Without reaching the issue of whether those additional allegations would amount to a plausible Title VII claim, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC,* 713 F.3d 175, 184 (4th Cir. 2013). Thus, this Court cannot consider any of that additional information in evaluating the merits of Defendant's motion to dismiss. Although Plaintiff may not have been aware of the requirement that his Complaint contain all of the relevant information to establish a Title VII violation, this Court cannot excuse that requirement. The existing motion to dismiss must be granted because the Complaint fails to state a plausible Title VII claim. Therefore, it cannot proceed to a motions hearing or trial.

5

### IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, ECF 13, will be GRANTED and Plaintiff's motion to proceed, ECF 15, will be DENIED. Plaintiff's Complaint is dismissed without prejudice and Plaintiff will be afforded sixty days to seek leave to file an amended complaint. Any motion for leave to file an amended complaint must attach the proposed amended complaint as an exhibit. In the meantime, this case will be CLOSED subject to reopening if such a motion is filed. A separate Order follows.

Dated: August 30, 2024                                          /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge