IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICHARD R. REYNOLDS,** | * |
| Plaintiff, | * |
| v. | *   Civil No. SAG-24-0851 |
| **ALEJANDRO MAYORKAS,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Richard R. Reynolds, who is self-represented, filed this lawsuit against Defendant Alejandro Mayorkas, the Secretary of the United States Department of Homeland Security, alleging a claim under Title VII of the Civil Rights Act. This Court granted a motion to dismiss Plaintiff's original complaint on August 30, 2024, affording Plaintiff an opportunity to file an amended Complaint. ECF 19, 20. Plaintiff did so, now clarifying that his claims are for "disparate treatment and harassment based on sex and race." ECF 23 at 4. Defendant has again filed a motion to dismiss the Amended Complaint for failure to state a claim, ECF 24. Plaintiff filed an opposition, ECF 26, and Defendant filed a reply, ECF 27. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion to dismiss will again be granted, although Plaintiff will be afforded one additional opportunity to present facts sufficient to state a viable discrimination claim.

I. **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Amended Complaint, ECF 23, and taken as true for purposes of adjudicating this motion. Plaintiff, a white male, worked as a Transportation Security Officer for the Transportation Security Administration ("TSA") at the Thurgood Marshall

Baltimore-Washington International Airport beginning on November 12, 2017. *Id.* at 6. He had a good relationship with his supervisors from the commencement of his employment until June 18, 2018, with only one failed training exercise. *Id.* On June 18, 2018, Supervisory TSO Jessica Paulin, who is a black female, became Plaintiff's direct supervisor. *Id.* She immediately began criticizing Plaintiff's work and raising her voice to him. *Id.* She also told him he had screened a man incorrectly and would face repercussions, mentioning that she also had heard he failed a training exercise the day before. *Id.*

From June 18 until July 2, 2018, STSO Paulin talked down to Plaintiff, threatened him with disciplinary action, and reminded him of his probationary status. *Id.* On July 2, 2018, another STSO suggested that Plaintiff resign to protect future federal employment opportunities because she had heard STSO Paulin talking to the pier manager about having Plaintiff fired. *Id.* Later that same day, STSO Paulin gave Plaintiff an unfavorable performance review. *Id.*

On July 3, 2018, Plaintiff "resigned from the TSA to protect [his] future Federal employment opportunities, because [he] believed that [he] was about to be fired." *Id.* After resigning, Plaintiff learned that after his employment review on July 2, 2028, the pier manager had emailed her supervisor requesting Plaintiff's termination. *Id.* Plaintiff notes that he had no record of disciplinary action or documentation of retraining. *Id.*

II.     **MOTION TO DISMISS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions." (citation and internal quotations omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts]

in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an equal protection claim, because plaintiff failed to allege it in the complaint).

4

## III. ANALYSIS

The Amended Complaint, construed liberally, appears to assert two counts: a claim for disparate treatment discrimination and a claim for "harassment," or hostile work environment. Beginning with the disparate treatment claim, Title VII prohibits an employer from discriminating against any individual because of such individual's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The elements of a Title VII discrimination claim are: (1) plaintiff's membership in a protected class; (2) his satisfactory work performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside plaintiff's protected class. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019) (citing *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)).

Plaintiff's Amended Complaint still does not contain facts plausibly suggesting a cognizable Title VII claim. The Amended Complaint specifies that Plaintiff is a white male and STSO Paulin is a black female. ECF 23 at 6. But the fact that an employee and supervisor are of different races or genders does not, on its own, establish a plausible claim of discrimination. *Sylvia Development Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 824 (4th Cir. 1995) (discussing an equal protection claim brought against a zoning board on the basis of plaintiff's national origin and stating that "racial or gender discrimination cannot be presumed from the mere fact that someone adversely affected by state action has a particular skin color or gender"); *Holdmeyer v. Veneman*, 321 F. Supp. 2d 374, 381 (D. Conn. 2004) (explaining, in the context of a Title VII claim, an assumption "that anytime an adverse decision was made by an individual of a different race, one would be justified in assuming that race played a role in that decision ... would be baseless if not itself discriminatory"). Plaintiff has not added any new factual allegations to his Amended Complaint to establish that, after a failed training exercise, he was treated differently than a


similarly situated probationary coworker outside a protected class. Instead, he continues to rely on his contentious relationship with his new supervisor of just over two weeks, who engaged in frequent criticism of his work performance. As the Fourth Circuit has explained:

> Law does not blindly ascribe to race all personal conflicts between individuals of different races. To do so would turn the workplace into a litigious cauldron of racial suspicion. Instead, legally sufficient evidence is required to transform an ordinary conflict . . . into an actionable claim of discrimination.

*Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 282 (4th Cir. 2000). At the motion to dismiss stage, of course, Plaintiff need not have "legally sufficient evidence," but he must allege specific facts suggesting disparate treatment sufficient to transform his conflict with STSO Paulin into a plausible discrimination claim. He has not done so here.

Once again, Plaintiff's opposition to Defendant's motion to dismiss is full of additional factual allegations (and even exhibits) regarding his workplace. Again, without reaching the issue of whether those additional allegations would amount to a plausible Title VII claim, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Thus, this Court cannot consider any of that additional information in evaluating the merits of Defendant's motion to dismiss the Amended Complaint.

Finally, Plaintiff's hostile work environment claim meets the same fate. A hostile work environment exists where "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,'… that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). To establish a Title VII claim for a hostile work environment, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [race or gender]; (3) which is sufficiently severe or

pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011)) (alteration and internal quotation marks omitted). In this case, none of the conduct alleged is expressly connected in any factual way to Plaintiff's race or gender, such that it could be described as "severe or pervasive" or an "abusive work environment." Plaintiff does not allege that STSO Paulin made any comments at all about his race or gender. He has alleged, of course, an unpleasant work environment and an unfair recommendation of termination. But simple mistreatment or rude conduct does not suffice to support a hostile work environment claim. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, [or] a routine difference of opinion and personality conflict with [one's] supervisor" do not suffice) (internal citations and quotation marks omitted); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace interactions do not create a hostile work environment). A hostile work environment claim requires a more definitive factual link between the Plaintiff's race or gender and the treatment he receives.

In sum, Defendant's motion to dismiss must again be granted because the Amended Complaint fails to state a plausible Title VII claim, either for disparate treatment or a hostile work environment.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, ECF 24, will be GRANTED. Plaintiff's Amended Complaint is dismissed without prejudice, and Plaintiff will be afforded sixty days and one final opportunity to seek leave to file a second amended complaint, which must contain any facts Plaintiff wishes this Court to consider in determining whether he can state a viable Title VII claim. In the meantime, this case will be CLOSED subject to reopening if such a motion is filed. A separate Order follows.

Dated: January 3, 2025                                          /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge